**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF COLORADO**

Civil Action No. 08-cv-00611-PAB-MEH

BETTY JOHNSON & JOSEPH JOHNSON,

     Plaintiffs,

v.

SANOFI-AVENTIS U.S., L.L.C. and SANOFI-AVENTIS WORLDWIDE (FKA/Aventis),

     Defendants.

**PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

     WHEREAS, certain documents and information have been and may be requested, sought, produced, or exhibited by, between, and among the parties to the above-styled proceeding (the "Action") which relate to the parties' private proprietary information; trade secrets; proprietary scientific information; personal psychiatric, psychological, employment, and/or medical information, and/or other confidential research, development or commercial information; which a party deems confidential, that may be subject to protection under Fed. R. Civ. P. 26 (c); and

     WHEREAS, it has been agreed by and among the parties to this Action, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the District of Colorado.

<u>**Scope of Protective Order**</u>

     1.     This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Action, including all copies,

excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, affidavits, declarations, or otherwise, by any party to the Action (the "Supplying Party") to any other party or parties (the "Receiving Party").

2.      This Protective Order is binding upon the parties to the Action, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, directors, joint venturers, and employees as set forth in this Order. This Order is also binding on any party who obtains any documents or other Confidential Information produced or disclosed in the Action pursuant to this Protective Order, including those parties' respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, directors, joint venturers, and employees as set forth in this Protective Order.

3.      Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

4.      The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) or other applicable court rule, law, or legal principle.

5.      Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

6.      The Receiving Party may not disclose to anyone any information or document produced by any Supplying Party that constitutes confidential information as defined herein, except as specifically set forth herein.

## Definition of Confidential Information

7.      A Supplying Party may designate as "Confidential Information" any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains a "[1] trade secret [2] other confidential research, development, or commercial information" that may be protected under Rule 26(c), or [3] information that the Supplying Party is prohibited from disclosing under applicable state, federal, and foreign laws and regulations, whether it is a document or electronically stored information, information contained in a document or electronically stored information, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. Defendants shall have the burden of persuasion as to the applicability of any foreign law and regulation which they assert limits or prohibits disclosure.

A.      A Supplying Party, in designating information "Confidential" because it contains a trade secret, shall designate only information that meets one of the following definitions of trade secret:

i.      The definition adopted by the United States Food and Drug Administration ('FDA"), 21 C.F.R.§ 20.61:

A trade secret may consist of any formula, pattern device or compilation of information which is used in owner's business, and which gives [one] an opportunity to obtain an advantage over competitors who do not know or use it.

ii.      The definition contained in the *Restatement of Unfair Competition*, §39 (1995):
A trade secret is any information that can be used in the operation of a business or other enterprise and that is sufficiently valuable and secret to afford an actual or potential economic advantage over others.

B.    A Supplying Party, in designating information "Confidential' because it includes "confidential research, development, or commercial information," shall designate information that falls in one of the following categories:

i.    Information protected from disclosure by FDA regulations including, but not limited to, 21 C.F.R. §20.63 and 21 C.F.R. §314.430.

ii.    Information provided to the Supplying Party by third parties with the expectation that the Supplying Party would keep such information confidential or pursuant to contracts that expressly require the Supplying Party to maintain the confidentiality of the information or that is otherwise protected from disclosure by statute.

iii.    Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 21 C.F.R. § 20.63(f), information containing names and other personal or medical information of patient participants or third party participants (such as a physician or hospital or other institution) in clinical studies, adverse event reports, product experience reports, consumer complaints, or other similar reports or documents.

iv.    Confidential medical and/or psychiatric information not related to the injuries alleged in this action.

v.    Confidential Information protected from disclosure under a party's constitutional right to privacy; the provisions of the Federal Policy for the Protection of Human Subjects ("Common Rule"); the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); the HIPAA Privacy Rule; the Family Educational Rights and Privacy Act ("FERPA"); the Gramm-Leach-Bailey Act; the Privacy Act of 1974; the Food, Drug and Cosmetic Act; the Clinical Laboratory Improvement Amendments of 1988 ("CLIA"); and other applicable state, federal, and foreign laws and regulations.

vi.     Information concerning communications with government agencies or regulatory bodies that the relevant governing agency or body deems confidential by statute or codified regulation or rule.

vii.     Any other information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains confidential research, development or commercial information that may be subject to protection under Rule 26(c), or other applicable court rule, law or legal principle identified herein.

8.     In order to protect against unauthorized disclosure of Confidential Information, and to comply with all applicable state, federal, and foreign laws and regulations, the Supplying Party may redact from produced documents, materials or other things, or portions thereof:

A.     Information protected from disclosure by FDA regulations including, but not limited to, 21 C.F.R. §20.63 and 21 C.F.R. §314.430 as follows:

i.     Names and/or any information that would identify patients, or test or research subjects in any medical or similar report, study or other research project.

ii.     Names and/or any information that would identify any persons using the product.

iii.     Names and/or any information that would identify any third party involved with any adverse reaction reports, product experience reports, consumer complaints or other similar data or information, such as a physician or hospital or other institution.

B.      Confidential Information protected from disclosure under a party's constitutional right to privacy; the provisions of the Federal Policy for the Protection of Human Subjects ("Common Rule"); the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); the HIPAA Privacy Rule; the Family Educational Rights and Privacy Act ("FERPA"); the Gramm-Leach-Bailey Act; the Privacy Act of 1974; the Food, Drug and Cosmetic Act; the Clinical Laboratory Improvement Amendments of 1988 ("CLIA"), and other applicable state, federal, and foreign laws and regulations.

C.      Information concerning communications with government agencies or regulatory bodies that the relevant governing agency or body deems confidential by statute or codified regulation or rule.

D.      Any information that the Supplying Party is prohibited from disclosing under applicable state, federal, and foreign laws and regulations.

E.      Any information relating to products other than Ketek, except insofar as such information compares Ketek sales with sales of other products, such information as compares risks derived from other products with respect to Ketek, or such information as includes Ketek with other products.

9.      In the event copies of documents are produced by defendants to counsel for plaintiff which contain the names or other identifying information of such patients and/or physicians, neither plaintiff nor his counsel nor anyone reviewing such documents on his behalf will record, duplicate, or take down in any manner any identifying information as to such patients and/or physicians nor will they disclose those names to any third person or entity or contact any such patient or physician identified to plaintiff through the documents.

10.     Confidential Information may be in any form, including, but not limited to, papers, tapes, documents, discovery responses, computer images, disks, diskettes, other electronically stored information, and other tangible things produced by any party or obtained in connection with these actions; transcripts of depositions herein and exhibits thereto and copies, extracts, databases and complete or partial summaries or indexes prepared from such papers, documents or things.

### Purpose of Protective Order

11.     This Protective Order shall govern the use and dissemination of all documents, material, or information designated as Confidential Information in accordance with the terms of this Protective Order.

12.     This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties, except to the extent provided in Paragraph 36 herein.

13.     This Protective Order does not relieve any party of its obligations to respond to otherwise proper discovery in this case. Nothing contained in this Order, or any action taken pursuant to it shall waive or impair the right of any party to object to the relevancy, admissibility, or discoverability of documents or information sought or produced in discovery. This Protective Order shall not preclude any party from seeking or obtaining additional protection with respect to any documents, materials, or information where necessary.   The Supplying Party shall act in good faith in designating discovery material as confidential pursuant to this Order, and shall not be overbroad in its designation of information as Confidential Information under this Protective Order.

### Designation and Treatment of Confidential Information

14.     Any Supplying Party who produces or supplies information, documents, or other material in this action may designate as "Confidential Information" any information, document, or material that meets the definition of "Confidential Information" set forth in Paragraph 7 of this Protective Order.   If any third party produces information that any party to this action in good faith believes constitutes Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of (1) its receipt of such information; (2) or the date of entry of this Protective Order, whichever provides for a longer period.  Any party receiving information from a third party shall treat such information as confidential during this thirty (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential.  Except as provided in Paragraph 37, documents not so designated within this thirty (30) day period shall not be treated as confidential.  Any party designating third party information as confidential shall have the same rights as a Supplying Party under this order with respect to such information.  As used herein, the term "Designating Party" shall refer to any party or non-party that has designated materials or information as Confidential Information under this Protective Order, whether they have so designated as a Supplying Party or as a party designating as "confidential" materials or information provided by a third party.

15.     The designation "Confidential Information" shall be made by affixing on the document or material containing such information words equivalent to the following:

**"CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."**  Any material, document, or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the

material in question.  If only portions of a document are entitled to a confidential designation, the document shall be marked with the words **"CONFIDENTIAL INFORMATION – PORTIONS OF DOCUMENT SUBJECT TO PROTECTIVE ORDER."**

16.     In the event that a Supplying Party makes documents or materials available for inspection, rather than delivering copies to another party, no marking or redactions need be made in advance of the initial inspection.  For purpose of initial inspection, all documents made available for inspection shall be considered as marked "Confidential Information" with appropriate redactions.  Upon production of the inspected documents, the Supplying Party shall designate which of the produced or copied documents and materials are or contain Confidential Information and make redactions as appropriate, pursuant to Paragraph 8 of this Order.  This paragraph does not preclude or prohibit a party from objecting to the redaction of information under Paragraph 8 of this Order.

17.     All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Order. This Order applies to all vendors, including without limitation, any copy service or document storage companies. It is the responsibility of counsel of record to take reasonable steps to ensure that all vendors comply with this Order.

18.     Any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copy containing Confidential Information, or any electronic image or database containing Confidential Information, shall be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, or database is derived. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files,

databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" designation.

19**.** This Protective Order shall not be construed to protect from production or to permit the "Confidential Information" designation of any document that (a) the party has not made reasonable efforts to keep confidential, (b) has been lawfully obtained by or from another source, without breach of any obligation of confidence, or (c) is at the time of production or disclosure, or subsequently becomes, though no wrongful act on the part of the Receiving Party, generally available to the public through publication or otherwise.

## Limitations on Use of Confidential Information

20. Confidential Information shall only be used by the parties and their counsel for prosecution and defense of this action, including any appellate proceedings. Confidential Information shall not be used for any other purpose whatsoever, including without limitation, commercial, publicity, business, marketing, competitive, or personal purposes without prior approval from the designating party or Order of the court**.**

## Limitations on Disclosure of Confidential Information

21. No Confidential Information may be disclosed except (a) as expressly authorized by this Order or (b) with the prior written consent of the Designating Party**.**

22. Access to Confidential Information shall be limited to**:**

A. The parties and counsel in this case, including in-house and outside counsel involved in this case, and their employees. The parties agree to limit disclosure of Confidential Information to those party officers and employees, and counsel and legal staff, reasonably necessary to prosecute or defend this action;

B. Experts, consultants or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense, or resolution of this action.

C. Counsel and claims personnel for any company insuring defendants on any portion of the claims on the policy or policies, if any, involved in this action;

D. Any actual or proposed deponent or witness, only if such information is necessary to prepare that witness to testify at deposition or trial;

E. Vendors involved in copying, organizing, converting, storing, or retrieving Confidential Information, and trial or deposition videographers and court reporters.

F. Persons who prepared or assisted in the preparation of, received, or reviewed Confidential Information prior to its production in this case; and

G. The Court and its personnel, including any mediators and/or Special Masters appointed by the Court.

23. Each person falling within the categories of Paragraph 22 (b) and (d) above who is permitted access to Confidential Information shall first read a copy of this Protective Order and shall sign a copy of the "Confidentiality Acknowledgment," which binds the person to the terms of this Protective Order and which shall be attached to this Protective Order as "Attachment A." Counsel for the party disclosing the Confidential Information to any such person shall obtain an executed Confidentiality Acknowledgment from such person in advance of such disclosure and shall retain the original executed Confidentiality Acknowledgment.

24.     If a party issues a subpoena to a person in possession, custody or control of documents or materials either supplied by or generated on behalf of another party, containing information within the definition of "Confidential Information" in Paragraph 7 above, the party issuing the subpoena shall serve the other party by e-mail or facsimile a copy of the subpoena when served on the producing party, not less than ten (10) business days prior to any production of such information to allow that other party an opportunity to designate documents Confidential and/or redact Confidential information, pursuant to the terms of this Protective Order.  The content of the notice shall be as set forth in Paragraph 25 (1), (2), (3) and (4) below.

25.     If another court, administrative agency or other governmental authority subpoenas or otherwise orders production of Confidential Information which a person or entity has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify counsel for the Designating Party in writing of all of the following:   (1) the discovery materials that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall confidential documents be produced prior to the receipt of written notice by the Supplying Party, and a reasonable opportunity for the Designating Party to object.  The person receiving the subpoena or other process shall cooperate with the Designating Party in any proceeding related thereto.  Nothing stated herein shall require any party to resolve disputes on the public record when they can be resolved informally.

### Depositions Involving Confidential Information

26.     Depositions, or portions thereof, may be designated Confidential Information by counsel for the deponent or the Designating Party. Designation of Confidential Information may be made on the record at deposition or in writing no later than thirty (30) days after receipt of the final, unsigned deposition transcript.  The court reporter will indicate the portions designated as confidential and segregate them as appropriate. The cover page of any deposition transcript and the container or labeling of any deposition audio or video, shall state in prominent lettering that "Confidential Information" is contained therein.  Designations of transcripts or portions thereof will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof released prior to the expiration of the 30-day period as "DO NOT DISCLOSE; CONFIDENTIAL — Subject to Further Confidentiality Review."  Such transcripts or portions thereof will be treated as Confidential Information until the expiration of the 30-day period.

27.     No persons other than persons with authorized access to Confidential Information, may attend, or review the transcripts of witness depositions at which Confidential Information is shown or discussed.

## Filing or Use of Confidential Information as Evidence

28.     Confidential Information shall not be filed with the Court except as required in connection with a motion or other matters pending before the Court.  Confidential Information shall be filed under seal and shall remain sealed so long as it retains its status as Confidential Information. Counsel for each of the parties shall be responsible for taking reasonable steps to ensure that Confidential Information is filed under seal.

29.     A Designating Party may move the Court for an order that evidence designated as Confidential Information shall be received at trial *in camera* or under other conditions the moving party deems necessary to prevent disclosure to third parties.

## Preservation of Confidentiality

30.     This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any designated materials. This Protective Order also shall not abrogate or diminish any privilege or any contractual, statutory, or other legal obligation or right of any party with respect to materials sought or produced in this litigation.

31.     Review of Confidential Information by counsel or other designated persons shall not waive the confidentiality of Confidential Information. The inadvertent, unintentional or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  The parties agree to meet and confer in good faith to resolve any disputes as to whether a party has waived their claim of confidentiality.  Any dispute as to whether the Designating Party has waived its claim of confidentiality shall be resolved in accordance with the procedures set forth in Paragraph 37 and any applicable case law.

32.     Inadvertent failure to designate any information as "confidential" pursuant to this Protective Order shall not necessarily constitute a waiver of the claim of confidentiality, and shall be subject to the procedures contained in Paragraph 37 herein.

33.     Counsel for the parties are responsible for employing reasonable measures, consistent with this Order, to control duplication, distribution of and access to Confidential Information.  All signed attestations shall be maintained by counsel and shall be available to counsel for the Parties in the event there is a good faith belief by counsel for the Designating Party that there has been a violation of this Protective Order.

34.     All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information; shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

35.     If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Designating Party in writing of all pertinent facts relating to such disclosure, (b) take reasonable steps to retrieve all copies of the Confidential Information received by other persons as a result of the Receiving Party's disclosures, (c) inform such person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment" of the Protective Order.

36.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery under the attorney-client privilege, work product doctrine or other privilege, or who inadvertently discloses documents containing information that is subject to redaction pursuant to Paragraph 8, shall promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such inadvertently produced documents, including all copies, within ten (10) days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

37.     The inadvertent or unintentional production of documents by parties or other persons containing, or otherwise disclosing, information that constitutes "Confidential Information," as defined in Paragraph 7 above, without being designated as Confidential Information at the time of production or disclosure, or containing or otherwise disclosing personal information that should have been redacted under applicable law and the provisions of this Protective Order, shall not be deemed a waiver in whole or in part of the claim of confidentiality or of entitlement to redaction, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The issue of waiver, to the extent contested by the parties, shall be determined in accordance with the procedures set forth in Paragraph 38.  Any error in designation shall be corrected as soon as reasonably possible after the Supplying Party or Designating Party becomes aware of the error by notifying counsel in writing of such redesignation, and the Supplying Party shall also supply the Receiving Party with a new copy of such redesignated documents to be substituted for the undesignated document.  Upon receipt of any redesignation that designates material as Confidential Information, the Receiving Party shall (a) treat such material in accordance with

this Order; (b) take reasonable steps to notify any person to whom the Receiving Party disclosed such information; (c) take reasonable steps to procure the return of all copies of such material from any such persons known to have possession of such material who are not entitled to receipt of Confidential Information under the terms of this Stipulation and Protective Order; and (d) request in writing that any such person procure the return of such information from any persons to whom such person may have disclosed the information.

**Changes In and Objections to Designations of Confidential Information**

38.     Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to raise a challenge promptly after the original designation is disclosed. A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation on any ground including that of waiver, must do so in good faith and must begin the process by explaining in writing the basis for the belief that the confidentiality designation was not proper.  If the Designating Party does not agree with the Receiving Party's written challenge of the designation, then within ten (10) business days the Designating Party must initiate, and both parties must participate in good faith, in a meeting to confer on the disputed designation.  If the dispute is not resolved within ten (10) business days time after notice is received, then within twenty (20) business days after notice is received the Designating Party must file a motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  The Magistrate Judge shall provide his report and recommendation and reasons therefor in writing to the disputing parties. The burden of persuasion shall be on the Designating Party.  Either party may within 45 days,

with a 15-day extension of time, move the Court to reconsider the Magistrate Judge's recommendation by filing a motion with the Court specifying why the Magistrate Judge's recommendation should be modified or reversed. The burden of persuasion shall be on the moving party. All parties shall, in the interim, afford the material the Confidential Information protection until the Court considers the challenge and determines whether the confidential designation is or is not appropriate. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall loose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order.

### Non-Termination of Confidentiality

39.     Any information or documents properly designated as Confidential Information pursuant to the terms of this Protective Order shall continue to be treated as such until such time as (a) the Designating Party expressly agrees in writing that the information, documents, testimony, or materials are no longer to be designated Confidential or (b) the Court finds and orders that the information or documents are not protected from disclosure under this order.

40.     The obligations and protections imposed by this Order shall continue beyond the conclusion of this action, including any appellate proceedings, or until the Court orders otherwise. Within forty-five (45) days after final conclusion of this action, including all appellate proceedings, Confidential Information (other than exhibits at the official court of record) and all copies thereof shall be returned to the appropriate Supplying Party or, at the sole option of the Designating Party, shall be destroyed (in which event an affidavit that all copies of these documents have been so destroyed shall be provided to the Designating Party). The parties may keep one copy of the records and documents produced in their closed files under confidential

seal for the exclusive purpose of maintaining an accurate record of the work done on this case for professional responsibility and liability/malpractice concerns.

### Miscellaneous Provisions

41.     It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Protective Order. Defendants, Plaintiffs and their counsel will be entitled to rely and act upon and shall be bound by the terms of this Protective Order when it has been signed by such parties or their counsel (or where express permission has been given to sign on their behalf), whether or not the Order has been signed by the Court.

42.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or modified by consent or agreement of the parties or by order of the Court, and shall survive any final judgment or settlement in this Action, unless otherwise vacated or modified by the court.  The court shall have continuing jurisdiction over the terms and provisions and application of this Protective Order.

43.     The use of Confidential Information during any trial in the Action will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court, recognizing the purpose of this agreement.

44.     This Order shall not prevent any party from fulfilling any legal obligation to provide information to any regulatory agency or other governmental authority, such as complying with regulatory requirements to report certain medical information to the FDA.  Such information shall not be provided to other parties unless otherwise subject to discovery requests and producible under this Order.  Nor shall this Order prevent any party from otherwise

reporting information to any such agency or authority. However, if any such report is based on "Confidential Information" subject to this Protective order, the reporting party shall contemporaneously provide a copy of such report to any other party associated with the report.

45.     Notwithstanding any other provision of this order, nothing contained herein shall limit or otherwise preclude a Supplying Party from utilizing or disclosing its own Confidential Information in any manner in which it would otherwise use or disclose such information in the ordinary course of business, or from disclosing or supplying such information to any governmental or regulatory body as necessary or appropriate in the ordinary course of business or as required by law.

### Modification of Protective Order

46.     Any party may petition the Court for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

47.     All rights available at law are reserved for any violation of this Agreement.

48.     The parties to this Confidentiality Order further agree as follows:

A.      This Confidentiality Agreement/Order is sought by Defendant and agreed to by Plaintiffs.

B.      Defendant retains the burden to demonstrate that information disclosed by Defendant is entitled to confidential status under the Federal Rules of Civil Procedure or law.

C.      Except for redactions required by applicable law, this Confidentiality Agreement/Order shall not alter Defendants obligations under the Federal Rules of Civil Procedure and law to disclose and produce information, which disclosures and discovery shall be

subject to all applicable rules and law.

        D.     Both Defendant and Plaintiff preserve, and do not waive, their respective rights under the Federal Rules and law to argue, pursuant to the Federal Rules and law whether a legitimately confidential document or confidential information shall lose its status as confidential in circumstances, for example, where Confidential documents are admitted at trial or used in a summary judgment motion.

        E.     Plaintiffs acknowledge that information disclosed or produced by Defendant which is accorded legitimate confidential status shall be held and possessed by Plaintiff in a manner consistent with this Order and Plaintiffs shall take reasonable steps to assure such information is handled and used by Plaintiff in such a manner, and by such means, as to comply with the intent of this Order.

        F.     For the benefit of all parties to this agreement and the Court, both Plaintiffs and Defendants preserve their respective rights under the Federal Rules of Civil Procedure and the law if a dispute arises from, or, is related to this Confidentiality Agreement/Order.  Should the language of this agreement be deemed in conflict with, or contrary to, the Rules of Civil Procedure or law by the Court, then the parties retain their right to argue before the Court their respective positions under the rules and law.

IT IS SO STIPULATED.


Dated:  The 25th day of November, 2008.

By:     *s/  Charles R. Free*
          Charles R. Free
          Attorney for Plaintiffs
          The Law Firm of Charles R. Free, L.L.C.
          12605 East Euclid Dr.
          Centennial, CO 80111

(303) 708-1300
(303) 708-1612 (facsimile)
Email: cfree55555@aol.com

Vincent M. Balkenbush
Attorney for Plaintiffs
Law Office of Vincent M. Balkenbush, LLC
385 Inverness Pkwy., Suite 120
Englewood, CO 80112
(303) 691-9930
(303) 792-3670 (facsimile)
Email: vince@vbalkenbush.com

Dated:  The 25th day of November, 2008.

By:      _s/ Jordan Lipp_____
       Jeffrey R. Pilkington
       Jordan Lipp
       Attorneys for Defendant sanofi-aventis U.S. LLC
       Davis Graham & Stubbs LLP
       1550 Seventeenth Street
       Suite 500
       Denver, CO 80202
       (303) 892-9400
       (303) 893-1379 (facsimile)
       Email: jeff.pilkington@dgslaw.com
           jordan.lipp@dgslaw.com

Dated:  The 25 day of November, 2008.

By:      _s/ Gary J. Spahn_____
       Gary J. Spahn, Esq. (VSB No. 15285)
       Attorneys for Defendant sanofi-aventis U.S. LLC
       Troutman Sanders LLP
       1001 Haxall Point
       Post Office Box 1122
       Richmond, VA  23218-1122
       (804) 697-1400
       (804) 698-5190 (facsimile)
       Email:  gary.spahn@troutmansanders.com

**PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**


      **UPON REVIEW AND EXAMINATION OF THE PROVISIONS OF THIS PROTECTIVE ORDER, FOR GOOD CAUSE SHOWN, IT IS SO ORDERED THAT THIS PROTECTIVE ORDER SHALL BE ISSUED.**


Dated: The 1st day of December, 2008.



s/ Michael E. Hegarty

_____

Michael E. Hegarty
United States Magistrate Judge

<u>**ATTACHMENT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLORADO**

Civil Action No. 08-cv-00611RPM-MEM

BETTY JOHNSON & JOSEPH JOHNSON,
      Plaintiffs,

v.

SANOFI-AVENTIS U.S., L.L.C. and SANOFI-AVENTIS WORLDWIDE (FKA/Aventis),
      Defendants.

---

<u>CONFIDENTIALITY ACKNOWLEDGMENT</u>

STATE OF _____
CITY/COUNTY OF _____
      BEFORE ME, the undersigned authority for the State and City/County aforesaid, personally came and appeared _____, who, after being duly sworn, did depose and state the following:
      1.     I have read and understand the "Protective Order" to which this Confidentiality Acknowledgment is attached as Attachment A, and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is subject to the terms and conditions of such Protective Order. I agree to be bound by such terms and conditions. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.
      2.     I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information as described or designated in accordance with this Acknowledgment and the Protective Order. I understand that the Designating Parties retain all rights to enforce the Protective Order and all remedies regarding any violations of the same.

Date: _____    _____
                                                    Signature

                                             _____
                                             Printed Name

                                             Address:

_____

_____

_____
Individual or Entity Represented

STATE OF _____

CITY/COUNTY OF _____

        I, the undersigned, a Notary Public in and for the State of _____, do certify that _____, whose name is signed to the writing above dated the _____ day of _____, 20__, has acknowledged the same before me in the jurisdiction aforesaid.  In addition, _____ either is personally known to me or has produced appropriate identification.

        Given under my hand and notarial seal this _____ day of _____, 20___.

_____ [SEAL]
Notary Public
My commission expires: _____